**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NITTA CASINGS INC., | : |
| Plaintiff, | : Civil Action No. 14-6850 (FLW) (DEA) |
| v. | : |
| SOMPO JAPAN INSURANCE CO., *et al.*, | : **MEMORANDUM OPINION & ORDER** |
| Defendants. | : |

**ARPERT, Magistrate Judge.**

This matter comes before the Court on a motion by Plaintiff to amend the complaint to add an additional defendant and to add a declaratory judgment claim against defendant Sterling & Sterling, LLP ("Sterling"). Sterling has opposed the motion insofar as it seeks to allow a new claim against Sterling. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, Plaintiff's motion is granted in part and denied in part.

**I. BACKGROUND[1]**

Plaintiff is a company engaged in the manufacturing and distribution of sausage casings and related equipment. Plaintiff provides its employees certain health and welfare benefits, including life insurance and long-term disability coverage. Prior to 2008, Plaintiff

---

[1] The facts herein are only those relevant to the instant motion and are derived from Plaintiff's proposed Amended Complaint unless otherwise specified. They do not represent any factual findings of the Court.

obtained life insurance coverage for its union and salaried employees through MetLife Insurance ("MetLife"). In 2008, Plaintiff switched providers from MetLife to Hartford Life Insurance Company ("Hartford"). Sterling, an insurance broker, assisted Plaintiff with making this change.

At or about the time Plaintiff switched life insurance providers, six of its employees were receiving long-term disability ("LTD") benefits. In June 2013, one of these six employees died. Hartford denied life insurance benefits for this employee because it was not disclosed at the time Plaintiff procured the Hartford life insurance policy that this employee was receiving LTD benefits. Hartford advised Plaintiff that it did not receive notice that any of the six employees were receiving LTD benefits in 2008.

Plaintiff paid the value of the life insurance benefits directly to the survivors of its deceased employee. On or about October 13, 2014, Plaintiff filed this lawsuit in the Superior Court of New Jersey and it was subsequently removed to this court. Plaintiff seeks to amend its Complaint to add Hartford as a defendant and to add a declaratory judgment count against Sterling. Specifically, as to Sterling, Plaintiff's Amended Complaint seeks a declaration that "as a result of Sterling's negligent failure to procure the proper insurance, Sterling must fund all future LTD and life insurance amounts that otherwise would have been covered under the insurance Sterling was retained to procure from Hartford." Proposed Amended Complaint ¶ 43. The original Complaint contains a single count of negligence against Sterling.

**II.  Analysis**

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within

the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Sterling argues that the declaratory judgment count that Plaintiff seeks to assert is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To determine if a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face [.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put succinctly, the alleged facts must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In determining futility,

3

the Court considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

As noted above, the Fourth Count of the proposed Amended Complaint seeks a declaration that "as a result of Sterling's negligent failure to procure the proper insurance, Sterling must fund all future LTD and life insurance amounts that otherwise would have been covered under the insurance Sterling was retained to procure from Hartford."  Plaintiff explains that by way of this Count it is requesting that, if Sterling is ultimately found to have acted negligently, the Court should declare that "Sterling is liable for amounts owed to five living employees, rather than simply to the sole decedent."  ECF No. 20 at 5.

Federal courts are authorized to grant declaratory relief by the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  The Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

A court has discretion to dismiss a declaratory judgment claim when issuing a declaratory judgment would serve no useful purpose. *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 560 (3d Cir. 1997).  The Court should consider "(1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." *Bituminous Coal Operators' Ass'n, Inc. v. Int'l Union, United Mine Workers of Am.*, 585 F.2d 586, 596–97 (3d Cir.1978), abrogated on other grounds by *Carbon Fuel Co. v. United Mine Workers of*

*Am.*, 444 U.S. 212, 100 S.Ct. 410, 62 L.Ed.2d 394 (1979). The Third Circuit has explained that one of the most important principles in deciding whether to exercise discretion is the "practical help, or utility, of that judgment." *Step–Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990).

The Court here finds that the additional declaratory judgment claim that Plaintiff seeks to assert in its proposed Amended Complaint serves no useful purpose.  Distilled to its essence, and as described by Plaintiff itself, the proposed claim seeks a declaration of what damages are owed by Sterling should Sterling be found liable under the negligence claim already asserted in the original Complaint.  *See* ECF No. 20 at 5 ("Nitta requests that, if its Third Count for 'Negligence Against Sterling' results in a finding that Sterling acted negligently, then the Court should declare that Sterling is liable for the amounts owed to the five living employees, rather than simply to the sole decedent.").  The issue of what damages flow from an alleged breach of an insurance broker's duty[2] to procure insurance is already subsumed within the existing negligence claim.  The proposed declaratory judgment claim is, therefore, redundant; it adds nothing to this action.  Plaintiff's motion to amend its Complaint to add the declaratory judgment claim against Sterling is, therefore, denied.

Plaintiff also seeks to add Hartford as a defendant, and the proposed Amended Complaint contains a Count against Hartford seeking a declaration that the six employees are entitled to coverage under life insurance policies sold by Hartford.  There is no opposition to

---

[2] "[A]n insurance broker who agrees to procure a specific insurance policy for another but fails to do so may be liable for damages resulting from such negligence. *Aden v. Fortsh*, 169 N.J. 64, 79, 776 A.2d 792, 801 (2001). "It has long been recognized that '[t]he damages which may be recovered for breach of an agreement to furnish an insurance policy is the loss sustained by reason of the breach, 'the amount that would have been due under the policy provided it had been obtained.'" *Lydon v. Chubb Grp. of Ins. Cos.*, No. A-4344-09T1, 2012 WL 3731811, at *14 (N.J. Super. Ct. App. Div., Aug. 30, 2012) (quoting *Robinson v. Janay*, 105 N.J. Super. 585, 591 (App.Div. 1969) and citing *Rider v. Lynch*, 42 N.J. 465, 476, 480 (1964) ("if the broker neglects to procure the coverage, or otherwise fails to act with proper skill and care, he becomes liable in damages not exceeding the amount of insurance he was employed to effect")).

this amendment. Having considered the amendment in light of the relevant factors enumerated above, the Court shall permit this amendment.

### III. Conclusion and Order

For the reasons set forth above;

IT IS on this 16th day of November, 2015,

ORDERED that Plaintiff's motion [ECF No. 18] for leave to file an Amended Complaint is granted in part and denied in part; and it is further

ORDERED that Plaintiff shall file its Amended Complaint in conformance with this Opinion no later than 14 days from the date of this Order.

    s/ Douglas E. Arpert
DOUGLAS E. ARPERT, U.S.M.J.